UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ABDUL PEAY<br>        Plaintiff | :<br>:<br>: |
| v. | :   PRISONER<br>:   CASE NO.  3:07-cv-1126(CFD) |
| THERESA C. LANTZ, ET AL<br>        Defendants | :<br>:<br>: |

**RULING AND ORDER**

On April 18, 2008, the court dismissed the case due to plaintiff's failure to submit an amended complaint. On May 5, 2008, the plaintiff sought to reopen the case as he claimed to have the information and documents necessary to file an amended complaint. On June 24, 2008, the court denied the motion to reopen without prejudice as plaintiff had not submitted an amended complaint with his motion to reopen. On February 25, 2009, the court granted plaintiff's motions to provide him with copies of documents from the file in order to enable him to re-file a motion to reopen and an amended complaint.

The plaintiff has filed a renewed motion to reopen and a motion for injunctive relief. The motion to reopen is granted and the motion for injunctive relief is denied.

**I.      Motion to Reopen [Dkt. # 22]**

Plaintiff seeks to reopen the case and has attached an amended complaint to his motion. The motion to reopen is granted. The Clerk shall docket the amended complaint. The court now considers the claims in the amended complaint.

Plaintiff is currently incarcerated at Osborn Correctional Institution ("Osborn") in Somers, Connecticut, and files his amended civil rights complaint pro se and in forma pauperis. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), the court may dismiss any

portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id.

In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Accordingly, a complaint or amended complaint that only "tenders naked assertions devoid of further factual enhancement" is insufficient. Id. (internal quotation marks and citation omitted).

The caption of the complaint included defendants Commissioner Theresa Lantz, Correction Officers Portalatin, Eurasin and Roberts, Inmate Sostre Gomez, the Department of Correction and Correctional Managed Health Care. The only defendant in the caption of the amended complaint is Officer Portalatin. Plaintiff asserts that he does not intend to pursue claims against Commissioner Lantz, Officer Eurasin or Officer Roberts and withdraws all claims against those defendants. Plaintiff states that he intends to proceed as to the Department of Correction, University of Connecticut Health Center's Correctional Managed Healthcare program, Officer Portalatin, Inmate Sostre Gomez and a new defendant, Dr. Ruiz.

The plaintiff alleges that in September 2006, following a disciplinary hearing at Cheshire Correctional Institution, Officer Portalatin related false information about the plaintiff to other inmates and correctional officers. Plaintiff asserts that the dissemination of this information put him in danger at other correctional institutions.

In January 2007, at Corrigan Correctional Institution, Inmate Gomez became aware of the false information that had been disseminated by Officer Poralatin and attempted to assault the plaintiff with a homemade knife. Plaintiff seeks monetary damages and declaratory and injunctive relief.

To state a claim under section 1983, the plaintiff must allege facts showing that the defendant, a person acting under color of state, law deprived him of a federally protected right. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982). It is well-settled that neither a state nor a state agency is a "person" within the meaning of section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983).

The University of Connecticut Health Center's Correctional Managed Health Care program provides medical care to Connecticut inmates. Like other state agencies, the Department of Correction and the University of Connecticut Health Center's Correctional Health Care program are not persons within the meaning of section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983); Fisher v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (state prison department cannot be sued under section 1983 because it does not fit the definition of "person" under section 1983); Santos v. Department of Correction, No. 3:04cv1562 (JCH)(HBF), 2005 WL 2123543, at *3 (D.

Conn. Aug. 29, 2005) (holding that Connecticut Department of Correction is not a person under section 1983) <u>Stewart v. John Dempsey Hospital</u>, No. 3:03cv1703(WWE), 2004 WL 78145, at *2 (D. Conn. Jan. 9, 2004) (holding that John Dempsey Hospital University of Connecticut Health Center is not a person within the meaning of section 1983). Accordingly, all claims against the University of Connecticut Health Center's Correctional Managed Health Care program and the State of Connecticut Department of Correction are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) as lacking an arguable legal basis.

Plaintiff has also named Inmate Gomez as a defendant. Private parties are not generally liable under section 1983. In <u>Lugar</u>, the Supreme Court set forth a two-part test to determine when the actions of a private party may be attributed to the state so as to make the private party subject to liability under section 1983. First, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." <u>Lugar</u>, 457 U.S. at 937. "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." <u>Id.</u> A person is considered a state actor if "he is a state official . . . he has acted together with or obtained significant aid from state officials, or [] his conduct is otherwise chargeable to the State." <u>Id.</u>

The plaintiff has alleged no facts suggesting that Inmate Gomez is a state actor. Thus, he fails to establish a factual basis for a claim that is cognizable under section 1983 and the claims against defendant Gomez are dismissed. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(I).

Dr. Ruiz was not named as a defendant or mentioned in the complaint. Plaintiff now seeks to add Dr. Ruiz as a defendant. Plaintiff describes Dr. Ruiz as the chief medical officer at Cheshire Correctional Institution, but fails to allege any facts suggesting that Dr. Ruiz was deliberately indifferent to his medical needs. Plaintiff mentions skin lesions that are appearing on the outer surface of his body and claims that these lesions are directly related to lack of treatment for a pre-existing condition, but makes no allegations against Dr. Ruiz with regard to the alleged lack of treatment for this medical condition. As such, plaintiff has failed to allege that Dr. Ruiz violated his constitutionally or federally protected rights. The claim against Dr. Ruiz is dismissed as lacking an arguable factual or legal basis. See 28 U.S.C. § 1915(e)(2)(B)(I).

All claims for damages against defendant Portalatin in his official capacity are barred by the Eleventh Amendment and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). See Kentucky v. Graham, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); Quern v. Jordan, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).

The claims that Officer Portalatin jeopardized plaintiff's health and safety by disseminating false information about him will proceed.

II.     **Motion for Injunctive Relief [Dkt. # 23]**

Plaintiff claims that he was transferred from Carl Robinson Correctional Institution to Osborn Correctional Institution because he seeks to pursue this case. He also contends that since his transfer to Osborn, the defendants have denied him access to the courts by refusing to provide him with paper, copies and access to a typewriter.

He seeks an order enjoining the defendants from denying him access to the courts and preventing him from pursuing this action.

In this circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000).

None of the defendants named in the amended complaint is employed at Osborn and the court has determined that the case will proceed only as to defendant Portalatin, who is employed at Cheshire Correctional Institution. Furthermore, it is evident by the filing of the motion to reopen and proposed amended complaint that plaintiff has access to a typewriter and paper. In addition, the court will provide the copies of the amended complaint to be served on Officer Portalatin.

The court concludes that plaintiff has failed to demonstrate that he will suffer imminent harm or injury if his request that the defendants be enjoined from attempting to pursue this action. Absent any allegations of irreparable injury, the plaintiff fails to satisfy the first requirement for the issuance of injunctive relief. Because there is no showing of irreparable harm, the court need not examine the other requirements for the issuance of injunctive relief. See Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990) (party seeking injunctive relief must demonstrate irreparable harm "before other requirements for the issuance of an injunction will be considered").

Accordingly, the plaintiff's motion for injunctive relief is denied.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)    The Motion to Reopen [**Dkt. # 22**] is **GRANTED**.  The Clerk is directed to docket the Amended Complaint attached to the motion.  The claims in the amended complaint against defendants Lantz, Roberts and Eurasin are deemed **WITHDRAWN**.  The claims against defendants State of Connecticut, Correctional Managed Health Care, Gomez and Ruiz are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and all claims against defendant Portalatin in his official capacity for monetary damages are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  The claim that Officer Portalatin jeopardized plaintiff's health and safety by disseminating false information about him will proceed. Plaintiff's "Request For An Injunction" [**Dkt. # 23**] is **DENIED**.

(2)    Within **ten (10) business days** of this order, **the U.S. Marshals Service shall** serve the summons, a copy of the Complaint and this Order on defendant Portalatin in his official capacity by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)    Within **ten (10) business days of this Order**, **the Clerk** shall verify the current work address for defendant Portalatin and mail a waiver of service of process request packet to him in his individual capacity at his current work address.  If defendant Portalatin fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and defendant Portalatin shall be required to pay the costs of such service in accordance with Federal

Rule of Civil Procedure 4(d).

(4)     **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6)     **Defendant Portalatin shall** file his response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(7)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(8)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9)     The plaintiff may file an amended complaint against defendant Dr. Ruiz provided he can allege facts demonstrating that Dr. Ruiz was deliberately indifferent to plaintiff's serious medical needs.  **Any amended complaint must be filed within thirty days of the date of this order and should also include plaintiff's claims against Officer Portalatin.**

**SO ORDERED.**

Dated at Hartford, Connecticut this 8th day of January, 2010.


<u>/s/ Christopher F. Droney</u>
Christopher F. Droney
United States District Judge